IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                      |   |                |
|----------------------|---|----------------|
| IN THE MATTER OF:    | § |                |
|                      | § |                |
| CHARLES LEON LARGE,  | § | No. 90-20197-JDB |
|       Movant.        | § |                |

ORDER DENYING MOTION TO EXPUNGE RECORD

Movant, Charles Leon Large, a resident of Covington, Tennessee, has filed a motion to expunge the record of his arrest and conviction in this district in United States v. Large, No. 90-20197. Large requests that his record be expunged to aid in his pursuit of a career as an armed security guard.

The Court notes that there is not universal agreement on the proper method for obtaining the discretionary relief of expungement, or on the scope of the remedy. Cf. Scruggs v. United States, 929 F.2d 305, 305-06 (7th Cir. 1991)(discussing but not resolving basis for court's subject matter jurisdiction and finding movant, state prisoner with lengthy record, not entitled to relief under any approach); Doe v. United States, 964 F. Supp. 1429, 1432 n.2 (S.D. Cal. 1997)(noting that law is unclear as to how to file motion for expungement or who is proper defendant). Other courts have entertained similar motions in criminal cases without discussion of the jurisdictional bases for the action, however.

See United States v. Schnitzer, 567 F.2d 536, 538 (2d Cir. 1977); United States v. Linn, 513 F.2d 925 (10th Cir. 1975); United States v. Rosen, 343 F. Supp. 804 (S.D. N.Y. 1972); United States v. Seasholtz, 376 F. Supp. 1288 (N.D. Okla. 1974). As the court observed in Scruggs, "[b]eing a defendant in a criminal prosecution does not forever license litigation against the government without a jurisdiction footing," and "[a]ll disputes must come to an end, even those concerning grave accusations of crime." 929 F.2d at 305, 306.

Nevertheless, despite this Court's reservations about the existence of this discretionary remedy, the Sixth Circuit has stated some years ago, without reference to any authority, that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). See also Geary v. United States, 901 F.2d 679 (8th Cir. 1990); Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); Bromley v. Crisp, 561 F.2d 1351, 1364 (10th Cir. 1977); Woodall v. Pettibone, 465 F.2d 49, 52-53 (4th Cir. 1972); Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972). But cf. United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993)("federal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment conviction").

Even those courts that have recognized an inherent equitable power to expunge records of a criminal conviction have defined that discretion as very narrow. Thus, a court is not required to expunge criminal records merely because a conviction has been reversed on Fourth Amendment grounds. See United States v. Bagley, 899 F.2d 707, 708 (8th Cir. 1990). Moreover, none of the above cases recognizing the existence of this remedy have actually invoked it. The remedy as described is appropriate only when a defendant is factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record.

Most of the courts that acknowledged an inherent equitable power to expunge records of a criminal conviction have not in fact granted relief. See, e.g., Janik, 10 F.3d at 472 (denying request for expunction by soldier, who alleged that records of indictment and conviction would keep him from being promoted in the Army and prevent him from obtaining civilian employment, because conviction, although overturned on Speedy Trial Act grounds, was supported by sufficient evidence); United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)(holding inherent expungement power should not be exercised solely for purpose of facilitating defendant's reenlistment in military, without any allegation that convictions were unconstitutional or in violation of statutory authority, or that Government had engaged in misconduct); United States v. Friesen, 853 F.2d 816, 817 (10th Cir. 1988)(attorney acquitted on

all counts of conspiracy to manufacture cocaine was not automatically entitled to expunction of records); United States v. Smith, 1988 WL 19174, at *1 (6th Cir. March 8, 1988)(unpublished opinion)(finding no abuse of discretion in lower court's denial of petitioner's request for expunction of the record of a valid conviction for which the petitioner was subsequently pardoned)[1]; United States v. Scott, 793 F.2d 117, 118 (5th Cir. 1986)(holding that trial court was without power to grant request for expungement of records relating to a valid conviction that allegedly burdened petitioner's profession as a securities dealer); Allen v. Webster, 742 F.2d 153, 154-55 (4th Cir. 1984)(declining to expunge federal records of federal employee's prosecution and acquittal on state heroin trafficking charges); Schnitzer, 567 F.2d at 539 (denying expunction request of rabbinical student, who feared that arrest and indictment records would hamper his career, because the arrest, indictment, and law under which petitioner was charged were valid); Schwab v. Gallas, 724 F. Supp. 509, 510-511 (N.D. Ohio 1989)(finding expunction of a valid felony conviction not warranted by the fact that petitioner had fulfilled the requirements of his sentence and had subsequently led a law-abiding life). Indeed, the Sixth Circuit has not even "posited a standard for determining

---

[1] Although citation to unpublished Sixth Circuit precedents is disfavored, these cases are referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

4

which cases are 'appropriate.'" <u>United States v. Robinson</u>, No. 94-1945, 1996 WL 107129 (6th Cir. Mar. 8, 1996).[2]

As noted by the Sixth Circuit in <u>Robinson</u>, other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records . . . ." 1996 WL 107129, at *4 (citing <u>United States v. Bagley</u>, 899 F.2d 707, 708 (8th Cir. 1990). Acknowledging the strength of the Government's interest in this context, however, these circuits have held that the expungement power is limited and appropriately used only in extreme circumstances.

Thus, a court is not required to expunge criminal records merely because a conviction has been reversed on constitutional grounds. <u>See</u> <u>Bagley</u>, 899 F.2d at 708. A presidential pardon does not entitle the defendant to expungement. <u>United States v. Noonan</u>, 906 F.2d 952, 959-60 (3rd Cir. 1990). Even an acquittal, standing alone, is not in itself sufficient to warrant an expunction of an arrest record. <u>Geary</u>, 901 F.2d at 680 (refusing to expunge records of thirteen-year old bank robbery charge of which defendant was acquitted); <u>Friesen</u>, 853 F.2d at 818 (attorney acquitted on all counts of conspiracy to manufacture cocaine was not automatically entitled to expunction of records); <u>Allen</u>, 742 F.2d at 154-55 (declining to expunge federal records of federal employee's prosecution and acquittal on state heroin trafficking charges);

---

[2] <u>See</u> <u>supra</u> note 1.

Linn, 513 F.2d at 927-28 (denying expungement of acquittee's arrest records where there was no indication that the records would be or had been used improperly). See also Seasholtz, 376 F. Supp. at 1288; United States v. Dooley, 364 F. Supp. 75 (E.D. Pa. 1973); and Rosen, 343 F. Supp. at 804. Similarly, the Government's discretionary decision not to proceed with a prosecution is also, standing alone, not adequate basis for a motion to expunge. Livingston, 759 F.2d at 78 n.30.

Ordinarily, the remedy as described is appropriate only when a defendant is factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record. See, e.g., United States v. Van Wagner, 746 F. Supp. 619, 620 (E.D. Va. 1990)(holding that extraordinary circumstances established in part by Government's concession that defendant was actually innocent justified expungement).

This reasoning, even as to judicial records, is consistent with the Fifth Circuit's analysis of the scope of expungement of executive records in Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 698 (5th Cir. 1997). As that court held:

> We should not elevate a mere remedy to the status of a right. The fashioning of a remedy should be based on something else. A petitioner cannot come into court to ask for an injunction and have the harm the injunction is based on be the fact that the government officers would not enjoin themselves. Something is missing. That something is injury to a legally protected interest.

130 F.3d at 700. See also United States v. Sweeney, 914 F.2d 1260, 1264 (9th Cir. 1990)(holding expungement appropriate "when serious

governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest").

Large's motion does not demonstrate any great harm that outweighs the public and governmental interest in maintaining the criminal record of his conviction.[3]  There is no question that Large committed the crime for which he was convicted. Bagley, 899 F.2d at 708 ("Bagley's guilt is clear apart from the intervention of the exclusionary rule.").  Accordingly, like the defendant in Bagley, Large's "arrest information and indictment represent valuable law enforcement records, and the adverse consequences to him of preserving the records are minimal." Id.

The Court must balance the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records. United States v. Robinson, 1996 WL 107129 at *1-*2 (6th Cir. 1996).  The motion to expunge the Defendant's criminal records is DENIED.

IT IS SO ORDERED this 9th day of April, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] An expungement motion essentially attempts to "unring the bell." As the court in Seasholtz noted, like information printed by the news media, "once information is disseminated there is no way to guarantee a full retraction." 376 F. Supp. at 1290.  Nor is it possible to control how private individuals and entities use this information, so that the relief sought by the motion in reality may not have any serious practical effect. Id.

7